United States District Court
Southern District of Texas
**ENTERED**
July 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ARNOLD SALAS SR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:19-CV-101 |
| § | |
| TRANSWOOD LOGISTICS, INC., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendants' Motion for Summary Judgment on Damages to which Plaintiff has responded and Defendants have replied. (D.E. 15, D.E. 24 and D.E. 25). Also pending are Defendants' Motions to Exclude, Plaintiff's responses and Defendants' reply. (D.E. 16, D.E. 22 and D.E. 25; D.E. 39 and. D.E. 43). Lastly, Plaintiff has filed a second Motion for Leave to File Supplemental Designation of Experts and to Supplement Discovery Responses to which Defendant has responded. (D.E. 40 and D.E. 42). Plaintiff also requests a continuance of the docket call date and trial. (D.E. 40). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (D.E. 32).

After consideration of the parties' briefing, the evidence and the applicable law, the undersigned **RECOMMENDS**[1] Defendants' Motions to Exclude (D.E. 16 and D.E.

---

[1] While the undersigned believes Defendants' Motions to Exclude and Plaintiff's Motion for Leave are appropriate for a final ruling, a recommendation has instead been made given the possible dispositive nature of the evidence at issue and the pending motion for summary judgment.

39) be **DENIED** and Plaintiff's Motion for Leave (D.E. 40) be **GRANTED** as set forth below. Further, as Defendants' Motion for Summary Judgment is based on Plaintiff's lack of expert testimony, the undersigned further **RECOMMENDS** it be **DENIED as moot**. (D.E. 15).

I.  BACKGROUND

This diversity action arises from a December 6, 2018 car accident in Green Lake, Texas, where Plaintiff alleges Defendant Justin Lopez, operating a commercial vehicle owned by Defendant Leasco, Inc. under the USDOT authority of Defendant Transwood Logistics, Inc., struck his vehicle. (D.E. 1-2 and D.E. 24, Pages 2-3). On October 24, 2019, Plaintiff filed the instant action in the 24th Judicial District Court in Calhoun County, Texas. (D.E. 1 and D.E. 1-2). Defendants were served on November 3, 2019 and removed the action on December 17, 2019. (D.E. 1). The deadline for designation of experts expired on October 1 and November 1, 2020, respectively, and the discovery deadline expired on December 31, 2020. (D.E. 12). The deadline to produce expert reports was extended to January 8, 2021. (D.E. 14). On January 28, 2021, Defendants filed the pending Motion for Summary Judgment on Damages asserting Plaintiff is without expert evidence to prove the reasonableness of his past medical expenses or that the incident caused any of the alleged medical injuries. (D.E. 15). In their first Motion to Exclude, Defendants similarly seek to exclude any evidence or arguments that Plaintiff has paid or incurred any medical expenses as a result of the accident and/or about the reasonableness of these expenses as well as any evidence or arguments that Plaintiff suffered any injuries as a result of the accident because no experts have been designated.

(D.E. 16). Plaintiff responds the evidence previously produced raises a genuine issue of material fact as to these issues and he timely and properly identified and designated his treating physicians as non-retained expert witnesses. (D.E. 24). Plaintiff alternatively argues he should be given leave to supplement his expert designations. (D.E. 22 and D.E. 24, Pages 17-20).

On May 5, 2021, Plaintiff sought to take depositions by written questions of 11 of Plaintiff's medical providers seeking Plaintiff's medical records, including two who had not previously been identified. (D.E. 31, Page 2 and D.E. 31-1). Defendants' motion to quash those requests was granted on June 2, 2021. (D.E. 31 and D.E. 35). Specifically, the undersigned found Plaintiff's counsel's arguments that he recently began his representation of Plaintiff, after the relevant deadlines had expired, to be unpersuasive as his firm has been representing Plaintiff since the very beginning, having filed the complaint in state court in October 2019 and the attorney who signed and submitted the original complaint is still on record as one of Plaintiff's attorneys. (D.E. 35, Page 2). Additionally, the undersigned determined Plaintiff's newest counsel, an experienced personal injury attorney, provided no explanation as to why it took him over two months after beginning his representation to request additional records and why he failed to maintain sufficient contact with his client regarding his medical treatment. (D.E. 35, Pages 2-3). The undersigned further cautioned Plaintiff's counsel that a motion for leave to extend deadlines in order to properly designate providers and to obtain and submit additional records would be an unsatisfactory attempt to resolve the untimeliness of Plaintiff's requests as this case is set for Docket Call before United States District Judge

Drew Tipton on July 8, 2021. (D.E. 35, Page 3).[2] In short, the undersigned concluded Plaintiff had failed to provide good cause why the additional materials sought could not have been requested before the discovery deadline or, for the newest medical providers, at an earlier date. (D.E. 35, Page 3).

The next day, on June 3, 2021, Plaintiff filed a Certificate of Written Discovery, stating he had served defense counsel with "Supplemental Rule 26(A)(1) Disclosures." (D.E. 36). Defendants objected to these supplemental disclosures and, after hearing arguments at a hearing on June 10, 2021, the undersigned permitted the parties to file any motions related to the discovery dispute. (D.E. 38). In their second Motion to Exclude, Defendants assert that as part of the supplemental disclosures, Plaintiff identified three new providers and produced 19 affidavits "seeking to prove up billing and medical records." (D.E. 39, Pages 1-2). Defendants note that prior to May 5, 2021, Plaintiff had not produced any affidavits in this case, even though some of the affidavits Plaintiff now produces are dated as early as December 23, 2019. (D.E. 39, Page 5). Further, Defendants assert the medical and billing records related to six[3] of the 19 affidavits have not been produced and therefore request these records, in addition to the 19 affidavits, be excluded. (D.E. 39, Page 5).

---

[2] On June 28, 2021, United States District Judge Drew Tipton extended the docket call date from July 8, 2021 to August 5, 2021.

[3] The six new affidavits are related to the medical and billing records from New Stride Physical Therapy, The Spine Center and Open MRI of Corpus Christi. (D.E. 39, Page 5). Plaintiff provided a separate affidavit for the billing records and for medical records. The other providers are Seaside Chiropractic, Dr. Frank Martinez, Corpus Christi Neurology, ASP Cares Pharmacy, Tricity Pain Associates, Lotus Spine & Pain and True Medical Imaging. (D.E. 39, Page 5).

In response, Plaintiff again seeks leave to file a third supplemental designation of experts and also seeks to supplement his disclosures and discovery, requesting a continuance of the docket call date. (D.E. 40). Plaintiff concedes his most recent medical treatment "would constitute unfair surprise to Defendants and has requested either a continuance to allow Defendants the opportunity to review the records and hire additional experts or to exclude the testimony at trial." (D.E. 40, Page 2, Footnote 2). Plaintiff's counsel again asserts leave should be granted due to excusable neglect because any deficiencies or errors occurred before his appearance as Plaintiff's counsel. (D.E. 40). Defendants respond that Plaintiff's counsel "is basically seeking a DO-OVER" without showing good cause and a delay would cause Defendants to incur additional costs and expenses. (D.E. 42). Defendants further note Plaintiff has not designated an expert to testify as to all medical and billing records and has not offered any summary judgment evidence as to causation. (D.E. 42, Pages 2-3). Plaintiff responds causation may be demonstrated with lay opinion testimony, with no expert testimony provided, Plaintiff's treating physicians may testify as to the reasonableness and necessity of their own charges and uncontroverted billing affidavits are "sufficient evidence to support a finding of fact by a judge or jury that the amounts charged were reasonable and necessary." (D.E. 43, Pages 7-9). Plaintiff further argues the billing and medical records, with the exception of Plaintiff's newest medical providers, were provided to Defendants in August 2020. (D.E. 43, Page 11).

II.    ANALYSIS

    A.    **Improper Designation of Non-Retained Experts**

The first dispute is whether Plaintiff properly designated his treating physicians as non-retained experts. The disclosures for non-retained experts, who do not have to provide a written report, are only required to include "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i) & (ii). While courts must take care against requiring undue detail, "some specificity is required." *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015); *Carr v. Montgomery Cty. Tex.*, No. H-13-2795, 2015 WL 5838862, at *2 (S.D. Tex. Oct. 7, 2015). "[A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of their opinions is insufficient." *Id*. (citation omitted). "[A] summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts-only those on which the expert actually relied in forming his or her opinions-that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice [nor does it] suffice to reference large bodies of material sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies." *Id*.

Reviewing Plaintiff's September 1, 2020 Designation of Expert Witnesses, Plaintiff lists ten medical providers/offices stating, in relevant part:

> All of Plaintiff's medical providers listed below have knowledge of each Plaintiff's physical condition, injuries, treatments, medications, past and/or future, and the reasonable and necessary medical costs for such injuries,

treatments and medications past and/or future. Their opinions are contained in their individual medical records, which have been provided or will be provided to Defendant, as well as their affidavits in compliance with Tex. R. Evid. 902 (10).

(D.E. 24-5).

In Plaintiff's September 30, 2020 Amended Designation of Expert Witnesses, Plaintiff again lists ten treating health care providers/offices as non-retained experts stating, in relevant part, they:

> are expected to testify regarding their knowledge and opinions regarding all aspects of the care and treatment of Plaintiff, including injuries, diagnosis and treatment, surgical issues, complications, clinical presentation, past and future medical needs and conditions, mental anguish, physical signs, symptoms, and manifestations of mental anguish, causation, damages, medical expenses and past and future physical impairment. They may be called on to give testimony in the form of opinions within the scope of expertise, and to provide rebuttal testimony to any other party's expert medical testimony. This testimony includes, but is not limited to, testimony based on their education, training and experience. Their opinions may be found in their medical records.
>
> These experts are treating health care providers and are of the opinion that Plaintiff suffered injuries to his/her body as a result of the incident made the basis of this suit, the Plaintiff required and underwent diagnostic and treatment for his/her injuries, that he/she may require testing and/or treatment in the future, that he/she sustained and will sustain disability due to these injuries irrespective of any prior or subsequent injury, and that the treatment received by Plaintiff was necessary and the charges were reasonable.
>
> The following individuals have knowledge of the medical facts of this case stemming from their involvement in the care and treatment of Arnold Salas, Sr. Said individuals have treated Arnold Salas, Sr., reviewed medical records, and have medical knowledge gained from their training, experience, education and research. Respondent anticipates that they will be called on to give testimony in the form of facts and opinions regarding the care and treatment they provided, Arnold Salas, Sr., condition, injuries, damages, prognosis and modes of treatment. Their anticipated testimony includes, but is not limited: past and future medical expenses, medical

treatment, pain and suffering, disabilities, mental anguish and other elements of damages.

(D.E. 24-6, Pages 4-5).

The undersigned finds these boilerplate statements fall short of a disclosure of the (1) subject matter of the witness' testimony under Federal Rules of Evidence 702, 703 and 704 and (2) a summary of the facts and opinion on which the witness is expected to testify as required by Rule 26(a)(2)(C). Plaintiff does not identify most of the treating physicians by name, instead listing the name of an entire medical office, for example Lotus Spine & Pain and The Spine Center, and then stating "All Treating Physicians/Staff and/or Custodian of Records" at that facility. (D.E. 24-6, Pages 5-6). Even when the specific physician is named, Plaintiff does not identify when these physicians treated Plaintiff, what they treated Plaintiff for and does not provide any affidavits and/or specifically identify the relevant medical records related to each physician. Further, as evidenced by Plaintiff's most recent effort to issue subpoenas for medical records well past the October 1, 2020 designation of expert deadline and over four months past the December 21, 2020 discovery deadline, it is clear not all medical records from Plaintiff's treating physicians have been provided to Defendants. (D.E. 12; D.E. 31-1 and D.E. 39). The designation does not identify the actual substance of their opinions and testimony beyond the conclusory statement they will testify regarding Plaintiff's treatment and expenses and there is no summary of the facts or of the expected opinion testimony. *Tolan*, 2015 WL 5332171, at *7. Plaintiff must identify his treating physicians' opinions and conclusions and articulate specific facts and records supporting those opinions and

conclusion.  *Carr*, 2015 WL 5838862, at *3.  Plaintiff's amended designations do not comply with the requirements of Rule 26.

### B. Supplemental designation, disclosures, additional discovery

Having determined Plaintiff has not properly designated his treating physicians as non-retained experts, the undersigned must next consider whether to exclude these experts or alternatively, whether it is appropriate to permit Plaintiff leave to amend his expert disclosures for a third time.  The undersigned must also consider whether Plaintiff should be granted leave to "supplement" his initial disclosures and discovery, namely the 19 affidavits as well as the additional billing and medical records from Plaintiff's newest medical providers, or whether these documents should be excluded.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires experts be properly disclosed and Rule 37(c) provides the failure to do so results in the party not being allowed to use that information or witness "unless the failure was substantially justified or is harmless."  The purpose of expert disclosure is "to provide information on expert testimony sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Guzman v. Mem'l Herman Hosp. Sys.*, No. H-07-3972, 2008 WL 5273713, at *15 (S.D. Tex. Dec. 17, 2008) (citation omitted).  "When a party fails to comply with the requirements of Rule 26, the court may exclude the witness or report as evidence at trial, at a hearing, or on a motion, and may 'impose other appropriate sanctions.'" *Id*. (citing Fed. R. Civ. P. 37(c)(1)).  Generally, a party seeking to extend a scheduling order deadline after it has expired must demonstrate excusable

neglect pursuant to Federal Rule of Civil Procedure 6(b) ("When an act may or must be done within a specified time, the court may, for good cause extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect.") However, when evaluating whether to exclude improperly designated experts, courts specifically consider: (1) the explanation for failing to identify the witness; (2) the importance of the witness testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007).

The first factor weighs in favor of Defendants. At the May 21, 2021 hearing before United States District Judge Drew Tipton, at the June 1 and 10, 2021 hearings before the undersigned, in his motion for leave and in his responses, Plaintiff's counsel continuously argues he recently began his representation of Plaintiff on February 17, 2021, after the relevant disclosure and discovery deadlines had expired and therefore, this somehow excuses the failure of his firm to comply with the Federal Rules of Civil Procedure and this Court's Scheduling Order. Plaintiff also asserts the failure to properly designate experts has not produced any unfair surprise because the records of the majority of these treating physicians were produced as part of discovery and a good faith effort was made to identify them in the Initial and Amended Expert Designations. As to his newer medical providers for whom he has not yet produced records, Plaintiff asserts he began treatment with them in either March or April 2021, after the relevant deadlines.

Similar to Plaintiff's recent attempt to obtain additional discovery, the undersigned finds these arguments unavailing as mere inadvertence is a weak excuse for failing to properly disclose experts in a timely manner.  While Plaintiff's newest counsel may have begun his representation of Plaintiff in February of this year, his firm has been representing Plaintiff since the very beginning, having filed the complaint in state court in October 2019.  (D.E. 1-2).  The attorney who signed and submitted the original complaint is still on record as one of Plaintiff's attorneys.  Further, Plaintiff's counsel is an experienced personal injury attorney who is familiar with the relevant law in this case, including the Federal Rules of Civil Procedure, and he has still provided no explanation as to why he delayed several months after he began his representation, and only after a motion for summary judgment was filed, to attempt to correct the expert disclosure deficiencies and why he failed to maintain sufficient contact with his client regarding his latest medical treatment to disclose it a more timely manner.  Additionally, the undersigned similarly finds Plaintiff's counsel's attempts to shift the blame to defense counsel for failing to inform him of his own disclosure deficiencies to be equally unpersuasive under the facts in this case.[4]  In short, the undersigned finds Plaintiff's explanation for failing to properly identify his expert witnesses to be wholly insufficient.

The second factor is the importance of the testimony.  Plaintiff asserts his treating physicians' testimony is central to his case.  A treating physician may be designated as an expert without having to provide a written report.  Fed. R. Civ. P. 26(a)(2)(C).  However,

---

[4]Plaintiff's counsel asserts defense counsel failed to "advis[e] Plaintiff that his disclosures did not comply…by requesting more specific disclosures [instead] lay[ing] in wait, hoping that non-compliance would doom [Plaintiff's] ability to offer any expert testimony." (D.E. 43, Page 11).

this exception applies "only when the treating physician's opinion testimony is based on personal knowledge obtained from examining and treating an individual." *Cooper v. Wal-Mart Transp.*, No. H-08-0085, 2009 WL 290447, at *1 (S.D. Tex. Feb. 5, 2009). "If the physician's opinion testimony is based on information learned outside the course of treatment, a written report is required." *Id*. (citations omitted). Further, "treating doctors have been allowed to express their opinions regarding causation and prognosis gathered from ordinary treatment of the patient." *Mattingly v. Home Depot*, No. 1:08-cv-341, 2009 WL 10676567, at *5 (E.D. Tex. Aug. 4, 2009) (No written report needed from a treating physician testifying from personal knowledge obtained during course of treatment as to causation, future treatment or extent of disability) (citation omitted). "[I]t is possible for a doctor to testify regarding cause within his or her role as a treating physician" within the scope of the treating physician exception to the expert report requirement. *Villarreal v. Ethicon Endo-Surgery, Inc.*, No. B-9-258, 2011 WL 13318531, at *6 (S.D. Tex. July 12, 2011) (citation omitted). Therefore, it is clear a treating physician's testimony, without a written report, is limited to the facts and circumstances developed during that physician's personal care and treatment. *Mattingly*, 2009 WL 10676567, at *5. Opinions relying on "recent medical records from other physicians and medical expense data" would require "a written expert report prepared in accordance with Rule 26(a)(2)(B)." *Id*. (citations omitted). Plaintiff's treating physicians may not offer opinion testimony based on information, such as medical records from other physicians or medical expense data, acquired outside the course of Plaintiff's treatment. *Id*. Therefore, while Plaintiff's treating physicians are limited to the opinions

and conclusions formed during their treatment of Plaintiff, this could arguably include testimony on causation and damages, which is required to prove a claim of negligence under Texas law. *Jenks v. Bigelow Arizona-TX-344 LP*, No. 3:07-CV-2152-P ECF, 2009 WL 10704427, at *2 (N.D. Tex. June 17, 2009) ("Certainly doctors often during the course of treating a patient determine the necessity of future treatments, form opinions about disabilities, and evaluate whether the injuries for which they treated a plaintiff may be causally related to the accident at issue.") (citations omitted). As this is a personal injury action alleging bodily injuries and permanent impairment, the testimony of Plaintiff's treating physicians who have provided medical assistance would be essential to Plaintiff's case. As Plaintiff repeatedly acknowledges, it is unlikely he will be able to prove causation or damages without the testimony of at least some of these experts. The undersigned does note "the importance of proposed [expert] testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger*, 361 F.3d at 883 (citing *Geiserman*, 893 F.2d at 792) (No valid reason was provided "that would justify excusing [Geiserman] from the deadlines imposed by the lower court.") However, notwithstanding the lack of justification, the "importance of the testimony" does weigh in favor of late designation.

The third factor, potential prejudice, clearly weighs in favor Defendants. The relevant disclosure and discovery deadlines have expired. A summary judgment motion has already been filed and briefed based on Plaintiff's lack of expert testimony. A docket call date is set for the beginning of next month. Permitting a third expert designation including previously undisclosed treating physicians would mean Defendants would have

13 / 19

to be given the opportunity to depose Plaintiff's treating physicians and also provide their own expert testimony in response, essentially starting the case anew.  If Plaintiff had properly and timely designated experts, Defendants certainly would have incurred similar expenses.  However, allowing untimely designations at this stage forces Defendants to readjust strategy shortly before the docket call date.  The undersigned also notes Plaintiff has not designated an expert to testify as to all medical and billing records, which would require an expert report, and therefore, Plaintiff's treating physicians may all be needed to testify in order for Plaintiff to recover his total alleged damages.  The undersigned further notes that producing billing and medical records as part of discovery does not negate the fact Plaintiff failed to properly designate his non-retained expert witnesses by appropriately identifying them and the substance of their testimony prior to this Court's deadlines.  The Fifth Circuit has noted a delay of even a few weeks in properly disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is therefore prejudicial.  *Geiserman*, 893 F.2d at 791 (A delay of "a couple weeks…disrupted the court's discovery schedule and the opponent's preparation.")  To allow Plaintiff to supplement his expert designations at this stage in the litigation would be prejudicial to Defendants.

     Lastly, as to the fourth factor, a continuance might cure some of the prejudice to Defendants by allowing additional time to take the depositions of Plaintiff's experts and to obtain and designate rebuttal expert witnesses.  However, this would cause additional delay and increase the expense of defending the lawsuit, which was filed in October 2019.  While recognizing a court must be able to control its docket and "a party's

violation of the court's scheduling order should not routinely justify a continuance [as] the failure to satisfy the rules would never result in exclusion," prejudice would be largely mitigated by a continuance. *Hamburger*, 361 F.3d at 883. The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 708 (citation omitted). Further, the concern about expenses can be mitigated if the Court awards reasonable expenses, including costs and attorney's fees, to the Defendants as discussed below.

Considering the above, the factors are more favorable to excluding Plaintiff's improperly designated experts. However, given the Fifth Circuit's ruling in *Betzel*, the undersigned recommends Plaintiff be permitted to supplement his expert designations one last time and that the Court extend the related deadlines to accommodate the new designations. 480 F.3d at 708-09 (Finding an abuse of discretion as excluding experts essential to a parties' case was "the extreme end of the sanction spectrum"). The Fifth Circuit does not favor striking experts which would prevent a party from presenting its case altogether when less harsh sanctions are available.

Accordingly, while the undersigned recommends allowing the late expert designations, the undersigned further recommends sanctions be considered as also discussed in *Betzel*, specifically denying Plaintiff's counsel any costs and expenses associated with the depositions of any experts and requiring Plaintiff to reimburse Defendants' costs and attorneys' fees associated with the additional expert discovery and also for the cost and attorneys' fees of preparing their pending Motion for Summary

Judgment based on Plaintiff's lack of expert evidence, their Motions to Exclude and any related responses and replies as well as their preparation and appearances at the multiple hearings related to these motions and issues.  480 F.3d at 709 (Rather than exclude experts, the District Court retained the discretion to impose a variety of sanctions for untimely expert designations).

Plaintiff's counsel should not be permitted to file "supplementary" expert designations at any time right up until the docket call date without sanctions being imposed as this would completely undermine Rule 26's expert disclosure requirements as well as the Court's authority to enforce the scheduling order.  The undersigned recommends the sanctions be tailored not only to compensate Defendants for added costs but also to discourage future dilatory behavior by Plaintiff's counsel and his firm.  *Id*.; *Geiserman*, 893 F.2d at 792 (A "continuance" would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.") (citation omitted). Compelling Plaintiff to pay Defendants' reasonable costs and fees as discussed above would satisfy both goals.  Plaintiff counsel's firm has represented Plaintiff from the beginning of this case and cannot avoid complying with this Court's scheduling order and the Federal Rules of Civil Procedure by substituting counsel from the same firm and then arguing excusable neglect, good cause, good faith and new treatment to reopen expert discovery and essentially restart the case to correct their obvious deficiencies.

Plaintiff also seeks leave to extend the relevant deadlines to include the 19 affidavits and additional medical and billing records as discussed above.  In evaluating whether a party has demonstrated excusable neglect under Federal Rule of Civil

Procedure 6(b), courts may consider "the danger of prejudice to the opposing party, the length and impact of the delay, the reason for the delay, and the moving party's good faith." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014) (citation omitted). Any motion to extend time, even if good cause and excusable neglect are shown, is entirely within the court's discretion. *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010). For the reasons previously discussed, there is clearly prejudice to Defendants. Plaintiff did not submit any affidavits or expert reports from his treating physicians prior to the Court's deadlines and therefore, the proposed affidavits cannot be classified as "supplements." Plaintiff's counsel has offered no sufficient explanation why the 19 affidavits, some of which are dated in 2019, were not produced prior to the discovery deadline or why he did not maintain adequate contact with his client to produce the new treatment records from March and April 2021 at an earlier date. Further, Plaintiff's counsel has failed to demonstrate whether Plaintiff's latest treatment from new providers in 2021 is even related to the 2018 accident at issue, having not produced any treatment records. However, having recommended Plaintiff be permitted to file a third amended expert designation and also that discovery be reopened to allow for any expert depositions and/or reports with appropriate sanctions, the undersigned finds permitting the related 19 affidavits and additional medical and billing records will have little effect as a result.

### III.   CONCLUSION

The undersigned Defendant's Motions to Exclude (D.E. 16 and D.E. 39) be **DENIED** and Plaintiff's Motion for Leave (D.E. 40) be **GRANTED** as set forth above.

If sanctions are imposed against Plaintiff, the undersigned **RECOMMENDS** Defendants provide an affidavit of their costs and fees to date.  Further, as Defendants' Motion for Summary Judgment is based on Plaintiff's lack of expert testimony, the undersigned further **RECOMMENDS** it be **DENIED as moot** if this M & R is adopted and Plaintiff is permitted to proffer competing expert evidence. (D.E. 15).  The undersigned notes that even at this late date, approximately one month before the docket call date, Plaintiff has failed to provide any competent summary judgment evidence establishing any of his injuries were caused by the accident in question.

    ORDERED this 7th day of July, 2021.

                                                                     Jason B. Libby
                                                          United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).